IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )<br>)<br>MICHAEL DEON STEPHENSON,  )<br>)<br>Defendant.    )<br>_____ ) | Criminal Case No.  4:19cr18 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 32) ("Motion for Compassionate Release"), the Supplemental Memorandum for Compassionate Release (ECF No. 38), the response by the United States (ECF No. 41), and other related filings.  The Court has reviewed these documents and all exhibits, and the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  For the reasons that follow, the Court will deny the Motion for Compassionate Release.

**I.  BACKGROUND**

Michael Deon Stephenson ("the Defendant" or "Stephenson") pled guilty on May 23, 2019, to Count One, Possession with Intent to Distribute Cocaine, Heroin, and Marijuana, in violation of 21 U.S.C. §§  841(a)(1) and 841(b)(1)(C), and Count Two, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 16 – 19.)   The maximum term of imprisonment for Count One was twenty years and for Count Two was ten years. (ECF No. 17.)  On October 2, 2019, the Honorable United States District Judge Henry C. Morgan

sentenced the Defendant to 72 months of imprisonment on these convictions. (ECF Nos. 28 – 31, 45.) These convictions also resulted in the Defendant's being found guilty of violating the conditions of his supervised release in a previous criminal case in this District, *United States v. Michael D. Stephenson*, Case No. 4:05cr38, and the Honorable United States District Judge Arenda Wright Allen sentenced the Defendant, on October 22, 2019, to 33 months of imprisonment, to be served consecutively to the 72-month sentence imposed in this criminal case. (Case No. 4:05cr38, ECF Nos. 143 – 144.)

Stephenson filed the Motion for Compassionate Release in both Case No. 4:05cr38 and this criminal case. In the Supplemental Memorandum in support of the Motion for Compassionate Release, Stephenson argues that he "is 36 years old and suffers from hypertension, among other medical conditions." (Supp. Mem. Comp. Release at 1.) He contends that hypertension is "a condition that increases the likelihood of serious risk from COVID-19." (*Id*.) He seeks immediate compassionate release. (*Id*. at 23.)

Judge Allen denied the Motion for Compassionate Release filed in Case No. 4:05cr38. *See United States v. Michael D. Stephenson*, No. 4:05cr38, Order (E.D. Va. Dec. 17, 2020) (ECF No. 155). In that Order, Judge Allen recited much of Stephenson's criminal history, including Stephenson's multiple violations of his supervised release, found that Stephenson had satisfied the exhaustion requirement, but found that he had "failed to establish extraordinary and compelling reasons for release." *Id.*

## II. LEGAL STANDARD: COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT OF 2018

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons,"

"upon motion of the Director of the Bureau of Prisons," or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.* Section 3582(c)(1)(A) also requires courts to consider "the factors set forth in section 3553(a) to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentencing modification. *Id.*

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019). While courts do not "minimize the risks that COVID-19 poses in the federal prison system," the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). It is also generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Molina*, No. 3:15cr31, 2021 WL 1323402, at *2 (E.D. Va. Apr. 8, 2021) (citation omitted). "In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, *inter alia*, the guidance of the CDC [Centers for Disease Control and Prevention], and non-binding policy statements of the United States Sentencing Guidelines." *Id.* "[T]o constitute

extraordinary and compelling reasons for compassionate release, medical conditions must be serious." *Id.* To establish the existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19,[1] a defendant generally must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. White*, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. April 17, 2020) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020)).

In *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020), the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Sentencing Commission has not issued a policy statement since the passage of the First Step Act. *Id.* at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (alteration omitted) (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this Court after the Fourth Circuit's decision in *McCoy*, many courts are treating § 1B1.13 "as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A)," but they are not "treat[ing] its provisions as binding." *United States v. Dean*, No. 15-CR-0339(1), 2020 WL 7055349, at *1 (D. Minn. Dec. 2, 2020) (citing *McCoy*, 981 F.3d at 281); *see also United States v. Spencer*, No. 2:11cr30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (noting that "the policy statement in U.S.S.G. § 1B1.13 is no longer binding . . . after . . . *McCoy*," but

---

[1] Stephenson has hypertension and is overweight, according to his sealed medical records. (ECF No. 38-3.) His counsel also points out a history of kidney stones, gastro-esophageal reflux disease, and back and neck pain. (ECF No. 38 at 11.)

that "the court finds certain of its provisions useful in addressing [compassionate release motions]").

Section 1B1.13's guidance provides that a defendant's medical conditions, age, family circumstances, or other circumstances, either singly or in combination, can prove sufficiently extraordinary and compelling to justify compassionate release. U.S.S.G. § 1B1.13, application notes 1(A)-(D). It advises that, to be extraordinary and compelling, a defendant's medical conditions must be either "terminal . . . with an end of life trajectory" or must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, application note 1(A).

Similarly, a defendant may be released based on his advanced age when he "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment." § 1B1.13, application note 1(B). Defendants may also seek compassionate release based on family circumstances, including when the caregiver of a defendant's minor child has died or become incapacitated, or when the defendant's spouse or partner has become incapacitated and the defendant constitutes the only available caregiver. § 1B1.13, cmt. application note 1(C). Finally, the Sentencing Guidelines contemplate situations in which "there exists in the defendant's case an extraordinary and compelling reason [for compassionate release] other than, or in combination with, [the defendant's medical conditions, age, and family circumstances]." § 1B1.13, cmt. application note 1(D).

Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to

5

the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2).

The Fourth Circuit provided additional guidance in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). It explained that the district court must "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present in [the defendant's] case." *Id*. at 332. In his concurring opinion, Chief Judge Gregory makes it even more clear that the district court may not "fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence." *Id*. at 335 (Gregory, C.J., concurring). "Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." *Id*. "If a district court's original § 3553(a) analysis could always prove that a sentence reduction would intolerably undermine the § 3553(a) factors, then 18 U.S.C. § 3582(c)(1) would, in effect, be a nullity." *Id*. Judge Gregory notes that "[a] day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be," and that "[t]hese conditions, not contemplated by the original sentencing court, undoubtedly increase a prison sentence's punitive effect." *Id*. at 336.

Courts must also consider "evidence of rehabilitation and other post-conviction conduct." *United States v. Brown*, No. 3:90cr113, 2021 WL 3206548, *2 (E.D. Va. 2021) (citing *United

*States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B))). The *Brown* decision also notes that a defendant's "rehabilitation alone does not provide sufficient grounds to warrant a sentence modification." *Id*. (citing 28 U.S.C. § 994(t)).

Additionally, the Sentencing Commission has advised courts to consider whether, based on the factors set forth in 18 U.S.C. § 3142(g), a defendant would present a danger to the safety of any other person or to the community if released.[2] U.S.S.G. § 1B1.13(2). As noted herein, pursuant to *United States v. McCoy*, the policy statement is not binding, but it provides useful guidance.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) the defendant establishes an extraordinary and compelling reason for the reduction, and (2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant § 3553(a) factors and any applicable policy statements issued by the Sentencing Commission.

### III. ANALYSIS

The undersigned agrees with Judge Allen that Stephenson has satisfied the exhaustion requirement. And, after a careful review of the motion, memorandum, exhibits, and other related documents, including the latest information from Yazoo City USP, the undersigned agrees with

---

[2] As modified in the context of a compassionate release motion, before releasing a defendant, courts should consider: (1) the nature and circumstances of the offense of conviction, including whether the offense is a crime of violence, a violation of § 1591, a terrorism offense, or an offense involving a minor victim, controlled substance, firearm, explosive or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical and mental condition, family and community ties, financial resources, history of substance abuse and criminal history, as well as whether at the time of the instant offense, the defendant was on a period of probation, parole or other form of release; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

7

Judge Allen that Stephenson's age and health conditions do not support a finding of extraordinary and compelling reasons for a reduction in his sentence. His hypertension and weight *could* create an increased risk from COVID-19. But he does not have any medical conditions identified by the CDC as conclusively placing individuals at increased risk, and he is not in an age category that creates an increased risk. In addition, according to BOP records, Stephenson has received both doses of the Pfizer vaccine, with the second dose having been administered on May 4, 2021.

Stephenson is housed at Yazoo City USP.[3] There are currently 7 positive cases at that facility (7 inmates, 0 staff members), 2 inmates have died, and there have been a total of 249 inmates and 19 staff members who tested positive and recovered, according to data available at www.bop.gov/coronavirus/ (updated daily at 3:00 p.m.) (last visited September 22, 2021).

Accordingly, the Court finds that Stephenson has not established an extraordinary and compelling reason for a reduction in his sentence.

Moreover, even if the Court found that Stephenson had established an extraordinary and compelling reason for a reduction in his sentence, the Court does not, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors and non-binding policy statements. The Court finds that a reduction in Stephenson's sentence would, in fact, undermine the relevant § 3553(a) factors. In particular, a reduction in Stephenson's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature

---

[3] Stephenson was originally designated to serve his sentence at FCC Butner Low, and that is where he was located when he filed the Motion for Compassionate Release. At some point thereafter, he was reassigned to Yazoo City USP. Despite its designation as a United States Penitentiary, Yazoo City USP currently houses only low security inmates according to BOP.

and circumstances of the underlying offenses, and Stephenson's history and characteristics. Of particular concern is Stephenson's inability or unwillingness to abide by conditions of supervised release and comply with the laws of the United States. Stephenson's original term of imprisonment in Case No. 4:05cr38 was reduced pursuant to 18 U.S.C. § 3582(c)(2), but after his release from imprisonment, he violated conditions of supervised release, was sentenced to serve 30 days, and was placed back on supervised release. Despite this opportunity and the support of the United States Probation Office, Stephenson committed the instant offenses. Further, Stephenson's original case before this Court involved a firearm, and then he committed another offense involving a firearm in the present case. Stephenson's sentence in this case was and is reasonable and appropriate, and it was and is no greater than necessary to achieve the objectives of § 3553(a).

## IV. CONCLUSION

For the reasons set forth herein, Stephenson's Motion for Compassionate Release will be denied.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 24, 2021